**Henry Guth, Appellee, v. George Haas, Appellant.**

**Gen. No. 6,518.    (Not to be reported in full.)**

Appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed February 12, 1918. Rehearing denied April 16, 1918.

### Statement of the Case.

Action by Henry Guth, plaintiff, against George Haas, defendant, to recover damages for injuries to the horse, buggy and person of plaintiff by a collision with defendant's automobile. From a judgment for plaintiff for $700, defendant appeals.

EAGLETON, STONE & ISLEY, for appellant.

NATHAN H. WEISS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1042*—*how assignments of errors must appear in record.* Under rule 12 of the Appellate Court, assignments of errors must be written upon or attached to the record.
2. APPEAL AND ERROR, § 1042*—*effect of failure. to attach to or*

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

*write in record assignment of errors.* If there is no assignment of errors attached to or written on the record, there is nothing to review.

3. APPEAL AND ERROR, § 1042*—*how deficiency in record due to absence of assignment of errors may not be supplied.* The deficiency of a record on appeal, due to the failure to attach to or write on the record the assignment of errors, cannot be supplied by printing in the abstract an assignment of errors not in fact upon the record.

4. APPEAL AND ERROR, § 1042*—*when Appellate Court will act upon defect in record on own motion.* The defect in the record on review, due to failure to write on or attach to the record the assignment of errors, will be acted upon by the Appellate Court, on its own motion, when discovered.

5. APPEAL AND ERROR, § 1711*—*when error waived.* A supposed error, not assigned, is waived, and is not open to review by the Appellate Court.

6. APPEAL AND ERROR, § 601*—*how question of sufficiency of evidence may be raised.* The question of sufficiency of the evidence to support the verdict or judgment in a case tried by a jury can only be raised by a motion for a new trial.